C/M

F...
U.S. DISTRICT COURT, E.D.N.Y.
IN CLERK'S OFFICE

NOT FOR PUBLICATION

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ALEXANDER WILLIAMS,

              Plaintiff,

-against-

THE CITY OF NEW YORK POLICE DEPT.,
DETECTIVE HUBER DIXON SHEILD NO.
02530, DETECTIVE M. LAUREL, KINGS
COUNTY DISTRICT ATTORNEY,
MICHELLE SIEGAL,

              DefendantS.

----------------------------------------------------------------X

MEMORANDUM
DECISION AND ORDER

06 Civ. 6053 (BMC)

**COGAN**, District Judge.

    This is a §1983 action in which the complaint of the plaintiff *pro se*, liberally construed, asserts claims for false arrest and malicious prosecution. In essence, he alleges that the police defendants arrested him on a complaint that was actually the result of a personal grudge against him held by the complainant, and when the complainant's boyfriend came to the police station to exonerate him, the police refused to listen. The case was presented to a grand jury and plaintiff was indicted on 44 felony counts. He reached a plea agreement with the District Attorney, pleading guilty to disorderly conduct in exchange for dismissal of the felony charges.

    He now sues the arresting officers, the Police Department as their employer, and the prosecutor who presented the case to the grand jury. Defendants have moved to dismiss under Rule 12(b)(6); plaintiff has not opposed, despite the Court *sua sponte* giving him an extension to do so. However, he did put in a letter in opposition to

defendants' request for a premotion conference, and the Court has considered it in opposition to defendants' motion.

Plaintiff cannot prevail on his false arrest claim because he pled guilty to disorderly conduct. This creates two legal hurdles. First, it conclusively establishes that there was probable cause for his arrest. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Second, recovery of damages in this action would violate the rule in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), because such a recovery would effectively invalidate the conviction for disorderly conduct.

Plaintiff's guilty plea also precludes an action for malicious prosecution. An essential element of that claim is that the criminal proceeding must have terminated in plaintiff's favor. See Rothstein v. Carriere, 373 F.3d 275, 282 (2d Cir. 2004). An agreement to plead does not constitute a favorable termination. Id. at 286-88; Coakley v. MacPherson, 49 F. Supp. 2d 615, 621-23 (S.D.N.Y. 1999), aff'd, 234 F.3d 1261 (2d Cir. 2000).

Plaintiff asserts in his letter that the disorderly conduct plea does not carry jail time and that it was not one of the original charges brought against him. However, plaintiff does not dispute that the plea was in exchange for dropping the felony charges and arose out of the same incident. The fact that he pled to a lesser charge does not dissipate the effect of his guilty plea.

In addition, plaintiff's claims against the prosecutor are barred by absolute immunity. His claim is based wholly on grand jury conduct, i.e., that the prosecutor prevented the complainant's boyfriend from testifying before the grand jury by threatening him if he tried to do so, and that she presented false evidence to the grand

2

jury. That is squarely within the prosecutor's function and thus is subject to absolute immunity. See Hill v. City of New York, 45 F.3d 653, 661-62 (2d Cir. 1995).

## CONCLUSION

For the foregoing reasons, plaintiff's §1983 claims are dismissed with prejudice. I decline to retain jurisdiction over plaintiff's supplemental state claims and those are dismissed without prejudice. The Clerk is directed to mail a copy of this decision to the plaintiff *pro se* and close this file.

SO ORDERED.

/S/ Signed by Judge Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
August 24, 2007

3